UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MAURICE SHELBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-2077 |
| | ) | |
| FELICIA ADKINS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW ORDER</u>**

Plaintiff, proceeding pro se and presently incarcerated at Danville Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that officials at Danville Correctional Center have stopped providing special dietary trays to diabetic inmates housed at the facility. He alleges that he filed several grievances that were denied because Defendant Bradshaw falsely stated that "a diabetic tray must be asked for and then signed by the individual in custody. There are times where diabetic

trays are the same as regular trays except a fruit is provided instead of a desert." (Doc. 1 at 6).

Plaintiff sued Defendant Bradshaw and the officials involved in the denial of his grievances.

Plaintiff may be able to state a constitutional claim based upon the denial of medically

necessary diets, but he must allege sufficient facts showing a plausible inference that the officials

he sued were personally involved in the alleged deprivation. *Vance v. Peters*, 97 F.3d 987, 991

(7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and

predicated upon fault; thus, liability does not attach unless the individual defendant caused or

participated in a constitutional deprivation."). An official that denies a grievance after the fact

does not cause or participate in the constitutional deprivation. *George v. Smith*, 507 F.3d 605,

609-10 (7th Cir. 2007).

Plaintiff's allegations that Defendants Adkins, Friese, Knauer, Gooch, Glecker, and

Weitekamp participated in the denial of his grievances is not enough to state a constitutional

claim. Defendant Bradshaw's statement does not support a plausible inference that he caused the

discontinuation of Plaintiff's diabetic trays. Plaintiff's complaint is dismissed with leave to

renew as directed below to permit Plaintiff the opportunity to clarify his allegations and provide

any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

**2) Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 13th day of July, 2023.


_s/Sara Darrow_
SARA DARROW
CHIEF U.S. DISTRICT JUDGE